# UNITED STATES DISTRICT COURT
для the
Southern District of California

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.  '22 MJ03122
Information associated with a cellular telephone number )
619-829-0689 that is stored at premises controlled by )
Sprint/T-Mobile )

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, incorporated herein by reference.

located in the _____ District of __New Jersey__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2421 | Transportation for Purposes of Prostitution |

The application is based on these facts:
See Attached Affidavit of HSI Special Agent Aron Marcellus, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Aron Marcellus, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: 08/26/2022

*Judge's signature*

City and state: San Diego, California    Hon. Michael S. Berg, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Aron C. Marcellus, Special Agent with Homeland Security Investigations, being duly sworn, hereby state as follows:

**INTRODUCTION**

1. I submit this affidavit in support of an application for a search warrant for the following:

    a. Verizon Wireless (Verizon) located at 180 Washington Valley Rd. Bedminster, NJ 07921, as described in Attachment A-1, to search the account associated with the cellular telephone number 619-323-6423 (**Subject Account 1**); and

    b. Sprint/T-Mobile Wireless, located at 4 Sylvan Way, Parsippany, New Jersey 07504, as described in Attachment A-2, to search the accounts associated with the cellular telephone number 619-829-0689 (**Subject Account 2**); (collectively, the **"Subject Accounts"**), for subscriber information, telephone toll data, and cell-site geo-location information, for the period of October 1, 2020, up to and including November 30, 2020. There is probable cause that these records and information constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, 18 U.S.C §§ 2421 (Transportation for the Purposes of Prostitution), as described in Attachments B-1 and B-2. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, Verizon and Sprint/T-Mobile provide electronic communication services in the form of cellular and wireless telephone service for the **Subject Accounts**.

**AGENT EXPERIENCE AND BACKGROUND**

2. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

3.     I am a Special Agent (SA) employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I am a graduate of the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia and I have been employed as a SA since September 2017. I have been trained to conduct criminal investigations for multiple violations of federal and state laws including, but not limited to alien smuggling and narcotics smuggling, human trafficking, weapons trafficking, and organized criminal activity.  I am currently assigned to the Border Enforcement Security Task Force (BEST), Human Exploitation Group specializing in a variety of criminal and financial investigations. My primary responsibilities include investigating human trafficking and narcotics violations.  These investigations include, but are not limited to, investigations involving wire fraud, money laundering, financial crimes and bulk cash smuggling. Since October 2019, I have been assigned to the San Diego Human Trafficking Task Force (SDHTTF) where I have participated in investigations involving the exploitation of children and adults for illicit commercial sex activity, human trafficking, forced labor, various illegal activity of criminal gang members and have performed a variety of related investigative tasks.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information from other law enforcement officers and witnesses. Since this affidavit is for the limited purpose of obtaining the requested warrant, it does not set forth every fact that I or other law enforcement personnel may have learned in connection with this ongoing investigation.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

5.     On November 30, 2020, Chula Vista Police Department (CVPD) officers responded to a call regarding criminal threats at an extended foster care home in Chula Vista for adults who have aged out of traditional foster care.  At that time, CVPD officers encountered AF1, age 19, who stated that she was previously trafficked by an individual, identified as Kenneth TENORIO, earlier in the year. AF1 stated she had been raped, beaten, and forced by TENORIO to work as a prostitute, and that she wanted to break off

their relationship. AF1 stated that earlier in the day, November 30, 2020, TENORIO sent her a text message demanding that she pay $4,000.00 if she did not want to work for him anymore. Later that day, TENORIO showed up at the foster care home, pretended to be an investigator, and asked a manager where she was. When she learned of this, AF1 called the police, and TENORIO left the scene. TENORIO texted AF1 a second time, stating that if she paid him $1,200.00, he would leave her alone. I have reviewed screenshots of these messages taken from AF1's cell phone.

6. In an interview that day, AF1 stated that in October 2020, she was forced at gunpoint to agree to work for TENORIO as a prostitute and worked for him until November 2020. She stated that she earned approximately $21,000 engaging in commercial sex, with 60-70% of the proceeds going to TENORIO. AF1 stated that TENORIO trafficked two other girls while she was with him, an adult female referred to herein as AF2,[1] and JF1. According to AF1, TENORIO trafficked her in San Diego, Orange County, and Oakland, California, in October and November 2020. During a follow-up interview by CVPD on December 16, 2020, AF1 gave detectives consent to search her phone. The following are excerpts from text message conversations between TENORIO, identified as "Pops" in AF1's phone,[2] and AF1, using phone number 619-829-0689:



---

[1] Law enforcement has identified and interviewed AF2, who identified TENORIO as having forced her into commercial sex work. During her interview, she advised that TENORIO had three other females working for him as prostitutes – AF1 and two juvenile females, including JF1.

[2] In their interviews, both AF1 and JF1 stated that they called TENORIO "Pops."

> **Pops (+_____6423)** — Received 10/7/2020 5:02:01 PM
> Yep

> **Pops (+_____6423)** — Received 10/7/2020 5:02:25 PM
> _____ been doing incalls all day since morning

> **Pops (+_____6423)** — Received 10/8/2020 1:17:23 AM
> Just handcuff him n blind fold him n I'll come in n snatch his shit. When he trips I'll come in n tell him ur 17 n _____ is 16. I'll take his pic n tell him to bounce naked or just Robb him fuck it

> **Pops (+_____6423)** — Received 10/19/2020 9:12:44 PM
> Ur trick is here

> **Local User <iPhone 11 _____ Full FS>** — Sent 10/19/2020 9:17:39 PM
> indeed

> **Pops (+_____6423)** — Received 10/19/2020 9:18:01 PM
> Lol

> **Local User <iPhone 11 _____ Full FS>** — Sent 10/19/2020 10:26:45 PM
> ready to blade soon

> **Pops (+_____6423)** — Received 10/19/2020 10:27:10 PM
> Ok

7. Based on my training and experience, as well as my discussions with other law enforcement officers experienced in human trafficking investigations, I know that the language used by TENORIO and AF1 in the above text message exchanges is indicative of individuals who are involved in commercial sex. I know that the "blade" is a slang term that refers to an area of town where prostitutes/sex workers solicit sex-buyers. I know that TENORIO's statement referring to "30 deep" refers to street-based

commercial sex, wherein approximately thirty commercial sex workers are out on the street. I know that "incalls" refers to commercial sex and indicates occasions when the sex buyer, referred to as a "john," goes to where the sex worker/prostitute is located. Additionally, I know that "trick" is another slang term for a sex buyer.

8. I further reviewed text messages between AF1 and AF2 that were on AF1's phone. The nature of the text message exchanges between AF1 and AF2 further reflected that AF1 and AF2 were working as prostitutes for TENORIO. For example, on October 7, 2020 at 8:18 p.m., AF1 texted AF2, "i have two incalls coming," referring to two sex buyers coming to where she (AF1) was located. Additionally, AF2 stated, "Got a customer for both of us coming to get you/ 400 for an hr." Based on my training and experience, I know that AF2 was referring to a sex buyer that was paying extra for two girls. AF1 goes on to text AF2 regarding JF1, writing: "pops did not argue against getting [JF1] so basically he said he respected what we decide and he will block her out for good i told him we can't work with her and she is a huge liability." Based on interviews with AF1, I believe that that the liability she was concerned about was JF1's age.

9. During her interviews, AF1 also told investigators that TENORIO had taken her from California to Dallas, Texas, in November 2020, to work as a prostitute, that he had posted commercial sex advertisements of her while there, and that she had a number of commercial sex dates while in Dallas. According to AF1, following an incident in which TENORIO sexually assaulted her, she called the police, and they responded to her hotel room, but TENORIO had already left.[3]

10. Investigators have identified multiple online commercial sex advertisements posted to Megapersonals[4] featuring either or both AF1 and AF2 in October and

---

[3] State authorities in Texas have filed charges against TENORIO in Texas related to his trafficking of AF1, and he is currently in state custody in Dallas.

[4] Based on my training and experience, I know this to be a dating website that is frequently used to solicit prostitution.

5

November of 2020. Subpoena returns from Megapersonals reflect that commercial sex advertisements featuring AF1 were posted in both San Diego, California and Dallas, Texas during October 2020.[5] Examples of titles of commercial sex advertisements posted for AF1 and AF2 include the following: "European Snow White", "Your Columbian & Puerto Rican Crush", "School Girl Sidney got that WAP!!", "Columbian Crush with that real WAP!! Incalls only! Just visiting for a few days come get it while its hot!!", and "Viking Princess with that WAP…Education at its best!! !!". Some of the commercial sex advertisements posted in October 2020 featuring AF1 and AF2 are registered to the email address Kshogunner@gmail.com, which SA's determined, utilizing law enforcement databases, belongs to TENORIO. Other commercial sex advertisements posted in November 2020 featuring AF1 – including ones posted in Dallas, Texas from November 23, 2020 through November 25, 2020 – are registered to the email address, p4s10x@gmail.com, which SAs determined utilizing law enforcement databases belongs to TENORIO's son.[6]

11. On August 2, TENORIO was charged by sealed Complaint with Sex Trafficking of Children, pursuant to 18 U.S.C. § 1591, and Transportation for Purposes of Prostitution, pursuant to 18 U.S.C. § 2421.

12. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that Verizon and T-Mobile routinely collect and stores data for the electronic communication accounts to which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls;

---

[5] Megapersonals subpoena returns also reflected that the ads were posted in Phoenix, Arizona and El Paso, Texas.

[6] During her interviews, AF1 explained that at the end of October 2020, TENORIO was locked out of Megapersonals, so he paid his son to open an account. Megapersonals subpoena returns confirmed TENORIO's account was disabled in November 2020.

(iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

13. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

14. Given these facts, I seek a warrant to search the **Subject Accounts** for the records and information in Attachments B-1 and B-2.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

15. The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

## REQUEST FOR PRECLUSION OF NOTICE AND SEALING
## (SUBJECT ACCOUNT 1 ONLY)

16. This is an ongoing investigation of which TENORIO is unaware. There is reason to believe that premature disclosure of the existence of the warrant will result in destruction or tampering with that evidence, may endanger the physical safety of an individual, lead to flight from prosecution or the intimidation of potential witnesses, and would otherwise seriously jeopardize the success of the investigation. Accordingly, this application requests that the accompanying warrant and related materials be sealed as to Subject Account 1 until further order of the Court. In addition, pursuant to 18 USC § 2705(b), it is requested that this Court order Verizon not to notify anyone of the existence of this warrant, other than its personnel essential to compliance with the execution of this warrant, until February 22, 2023, absent further order from this Court.

//
//

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Aron C. Marcellus
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of August 2022.

_____
HONORABLE MICHAEL S. BERG
United States Magistrate Judge

8

## ATTACHMENT A-2
## PROPERTY TO BE SEARCHED

T-Mobile (the "Provider") hosts the electronic communication account associated with the telephone number 619-829-0689 that is the subject of this search warrant and search warrant application (**Subject Account 2**). T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, New Jersey 07504.

# ATTACHMENT B-2
# ITEMS TO BE SEIZED

## I. Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A-2, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

## II. Items to Be Seized

Agents shall seize the following records, data, and information covering October 1, 2020 up to and including November 30, 2020 and maintained by the Provider for the subject account identified in Attachment A-2:

a. Subscriber information, including:
   i. Names;
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities; and
   viii. Means and source of payment (including any credit card or bank account number) and billing records.

b. Records and other information about past wire or electronic communications sent or received by the subject account, including:
   i. the date and time of the communication;
   ii. the method of the communication;
   iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; [and]

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications;

which are evidence of violations of 18 U.S.C. § 2421.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS
PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **T-Mobile**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **T-Mobile**. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **T-Mobile**, and they were made by **T-Mobile** as a regular practice; and

    b.    such records were generated by **T-Mobile's** electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **T-Mobile** in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by **T-Mobile**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                          Signature